IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Michael A. and Susan K. Maize, | ) | No.: 14-00008 |
| | ) | Chapter 13 |
| Debtors | ) | Judge Schmetterer |
| | ) | |
| | ) | |
| Michael A. and Susan K. Maize, | ) | |
| | ) | Adv. No.: 14-00238 |
| Plaintiffs | ) | |
| | ) | Judge Schmetterer |
| v. | ) | |
| City Ntl. Bk./Ocwen Loan Service, | ) | |
| | ) | |
| Defendant | ) | |

### Findings of Fact and Conclusions of Law

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against City Ntl. Bk./Ocwen Loan Service, the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiffs, Michael A. and Susan K. Maize, are individuals residing at 470 Kathleen Dr., Des Plaines, IL 60016

2. City Ntl. Bk./Ocwen Loan Service is a lender and/or servicer of residential mortgages.

3. Plaintiffs filed for relief under Chapter 13 of the United States Bankruptcy Code on January 2, 2014. In the Northern District of Illinois, case number 14-00008.

4. This adversary proceeding arises under sections 502 and 1322(b)(2) of the United States bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334 and this is a core proceeding under 28 U.S.C. § 157.

6. Plaintiffs are the owners of real estate located at 470 Kathleen Dr., Des Plaines, IL 60016. The Plaintiffs occupy 470 Kathleen Dr., Des Plaines, IL 60016 as their primary residence.

7. 470 Kathleen Dr., Des Plaines, IL 60016 is legally described as follows: PIN: **08-13-303-019-0000**.

8. As of the March 21, 2014, 470 Kathleen Dr., Des Plaines, IL 60016 had a fair market value of $203,000.00, pursuant to Exhibit A of the original adversary complaint.

9. A senior lien exists in favor of City Ntl. Bk./Ocwen Loan Service in the amount of $209,226.38, pursuant to Exhibit B of the original adversary complaint.

10. Under 11 U.S.C §§ 506(a) and 1322(b)(2), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

11. The amount owed on the first mortgage, $209,226.38, exceeds the value of the above real estate, $203,000.00

12. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, e.g. **Holloway** v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); **In re Waters**, 276 B.R. 879 (N.D. Ill. 2002).; **In re Pond**, 252 F.3d 122 (2nd Cir. 2001); **In re McDonald**, 205 F.3d 606 (3rd Cir. 2000); **In re Bartee**, 212 F.3d 277 (5th Cir. 2000); **In re Lane**, 280 F.3d 663 (6th Cir. 2002); **In re Zimmerman**, 313 F.3d 1220 (9th Cir. 2002); **In re Tannter**, 217 F.3rd 1357 (11th Cir. 2000).

Signed: Jack B. Schmetterer, U.S. Bankruptcy Judge

JUL 07 2014

Prepared by: 7/7/14

George J. Koulogeorge
Attorney for Plaintiffs
Therman Law Offices, Ltd.
8501 W. Higgins Rd., Ste. 420
Chicago, IL 60631
P: 773-545-8849
F: 773-545-6337